1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
JANICE GRANT,                    ) Case No. CV 03-05250 (AN)
11                               )
         Plaintiff,             ) ORDER AWARDING ATTORNEY FEES
12                               ) PURSUANT TO 42 USC § 406(b)
         vs.                     )
13                               )
JO ANNE B. BARNHART,             )
14 Commissioner of Social Security, )
                                 )
15       Defendant.             )
                                 )
16

17     Now pending before the Court and ready for decision is the first motion of plaintiff's

18 counsel, Irene Ruzin of the Law Offices of Irene Ruzin ("Ruzin") for attorney fees pursuant to

19 42 U.S.C. § 406(b) in the gross amount of $10,000.00, less the $3,000.00 of EAJA fees

20 previously paid, for a net fee amount of $7,000.00 ("Motion").   The Commissioner filed a

21 response which neither supports nor opposes the Motion.

22     The Court's determination of the Motion is governed by the Supreme Court's recent

23 decision in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002).  There, the Supreme

24 Court resolved a division among the Circuits on the appropriate method of calculating fees under

25 § 406(b).  Rejecting the "lodestar method" which several of the Circuits (including the

26 Ninth Circuit) had been applying, the Supreme Court held:

27     "§ 406(b) does not displace contingent-fee agreements as the primary means by

28     which fees are set for successfully representing Social Security benefits claimants

Page 1 of 3

in court.   Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."

535 U.S. at 807, 122 S. Ct. at 1828.

In determining whether the $10,000.00 award sought by Ruzin is reasonable for the services rendered, the Court has considered the following:

1.   Under the terms of the contingent fee agreement between plaintiff and Ruzin, Ruzin would be entitled to fees corresponding to 25% of the back benefits awarded.  Plaintiff agreed to the 25% contingency, and has signed a declaration in which she agrees to pay Ruzin attorney fees in the amount of $10,000.00.  [See Motion Exhibits A, G.]  The Court has no basis for finding that there was any fraud or overreaching by Ruzin in the making of the contingent fee agreement with plaintiff.

2.   The Court has determined that Ruzin seeks slightly less than 23% of the back benefits awarded here, which amounts to $10,000.00.  The Commissioner has withheld $11,197.75 from the back benefits payable to plaintiff.  Thus, the $10,000.00 award sought by Ruzin is within the 25% "boundary" and less than the total amount of fees that plaintiff agreed to pay Ruzin under the terms of the contingent fee agreement.

3.   The high quality of the representation provided in this case by Ruzin is evidenced by the fact that, the case had already been denied at four levels of agency review prior to  Ruzin filing the complaint and preparing arguments for the parties' joint stipulation.  After service of plaintiff's portion of the Joint Stipulation, defendant agreed to enter into a voluntary stipulation for remand.  Pursuant to the stipulation for remand, judgment was entered by the Court on July 23, 2004, reversing the decision of the Commissioner and remanding the matter to the Commissioner for further proceedings.  On remand, the Commissioner issued a favorable

decision and effectuated plaintiff's application for benefits, entitling her to receive $44,791.00 in retroactive benefits under Title II of the Social Security Act.   [Motion, Exhibits C and D.]

4.     This is not an instance where, due to excessive delay attributable to plaintiff's counsel, the back benefits accumulated during the pendency of the case in court.

5.     Ruzin states she has practiced in the State of California for 19 years and has extensive expertise in Social Security law and in civil litigation, and her non-contingent hourly rate in non-disability cases is $250.00.  Ruzin spent at least 21.9 hours in representing plaintiff in this action.  Ruzin argues that since the requested 42 U.S.C. § 406(b) fee is strictly contingent upon a recovery, the effective hourly $456.62 rate ($456.62 x 21.9 hours = $10,000.00) is reasonable in this case given the attorney's significant risk of non-payment. [See Memorandum in Support of Motion at 5:5-18.] Further, the effective hourly rate does not reflect the amount of fees sought would constitute an undeserved windfall to Ruzin given that it is less than twice her standard hourly fee. *See Hayes v. Secretary of HHS*, 923 F.2d 418, 422 (6th Cir. 1990).

6.     The award sought by  Ruzin is less than the 25% of the retroactive benefit amount. Ruzin seeks slightly less than 23% of the total retroactive benefit amount.

Based upon the foregoing considerations, the Court finds and concludes that the $10,000.00 in fees sought by  Ruzin is reasonable.  The Motion of  Ruzin for attorney fees pursuant to 42 U.S.C. § 406(b) in the gross amount of $10,000.00 is GRANTED.  Ruzin has already been paid $3,000.00 in EAJA fees, therefore, Ruzin is entitled to be paid net fees of $7,000.00.

IT IS SO ORDERED.


DATED:   ___February 3, 2006___      ___/s/ Arthur Nakazato_____
                                        ARTHUR NAKAZATO
                                        UNITED STATES MAGISTRATE JUDGE